UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFIDO NOLBERTO CORTEZ ESTEBAN, et al., | Case No. 26-cv-03363 |
| Petitioners, | **ORDER GRANTING PETITIONERS' MOTION FOR A TRO** |
| v. | Re: ECF No. 3 |
| SERGIO ALBARRAN, et al., | |
| Defendants. | |

The motion for an emergency TRO is GRANTED.  Because the issues presented by the motion are time sensitive, this Order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the substance of the complaint and motion.

Petitioners Wilfido Nolberto Cortez Esteban and Keyra Issa Susana Cortez Calderon are a father and minor daughter from Guatemala.  The Petitioners have shown a strong likelihood that they are entitled to a pre-deprivation hearing before an immigration judge.  First, both Petitioners have a strong liberty interest in remaining free from detention.  It also appears that Petitioners' have been fully compliant with all their ICE-related obligations, have dutifully appeared at all immigration court hearings, and have committed no crimes since being released.  The burden to the Government of holding a bond hearing would be minimal, and the risk of erroneous deprivation is significant.  The Government's previous decision to release Mr. Cortez Esteban on his own recognizance and as guardian to his minor daughter reflects a determination that neither father nor daughter pose a flight risk or danger to the community.  Due process requires a showing of a change in those circumstances before a noncitizen can be re-detained.  *See Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 WL 2084921, at *2-6 (N.D. Cal. July 24, 2025) (applying the three-

part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances).

The Petitioners have also made a sufficient showing as to the other factors that the Court must consider before granting a TRO. Unconstitutional deprivation of physical liberty constitutes irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). As for the balance of equities and the public interest factors of the TRO inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors the Petitioners because the potential harm to the Petitioners from detention is significant, and the Government at most faces a short delay in detaining each Petitioner if it ultimately demonstrates that detention of each is necessary to prevent flight or danger to the community. *See Bautista Pico v. Albarran*, No. 4:25-cv-08002-JST, ECF No. 5 at *6 (Sept. 19, 2025).

Accordingly, the Court ORDERS the Government to release Petitioners from custody as soon as practicable and no later than 9 a.m. PT today, April 22, 2026. Further, the Government must promptly facilitate the return of Petitioners to the Northern District of California. The Government shall file a status report by 11:00 a.m. affirming that Petitioners have been released and that the Government is working to return them to the Northern District of California.

Additionally, the Government is enjoined and restrained from re-detaining either Petitioner until the Court has held a hearing with the parties or the Government has provided Petitioners a pre-deprivation hearing before a neutral decisionmaker. The Government is also enjoined and restrained from removing each Petitioner from the United States.

The Government has made an appearance in this action and is ordered to file a response by 5 p.m. on April 22, 2026. Any reply is due by 12 p.m. on April 23, 2026. If required, a Zoom hearing will be scheduled for Friday, April 24, 2026.

Dated: April 22, 2026, 1:19 a.m.

_____
Noël Wise
United States District Judge