UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILFIDO NOLBERTO CORTEZ
ESTEBAN, et al.,

          Petitioners,

    v.

SERGIO ALBARRAN, et al.,

          Respondents.

Case No. 26-cv-03363-RS

**ORDER DENYING MOTION FOR TRO**

## I. INTRODUCTION

Petitioners make their second motion for a temporary restraining order ("TRO") after their second detention in three weeks by U.S. Immigration and Customs Enforcement ("ICE"). Petitioners' arguments have not changed since the first TRO was dissolved. Accordingly, the motion is denied as set forth below.

## II. BACKGROUND

Wilfido Nolberto Cortez Esteban and his daughter Keyra are Guatemalan nationals who entered the United States in 2019. Petitioners were placed in removal proceedings and granted an Order of Release on Recognizance in 2019. Petitioners were ordered removed in San Francisco Immigration Court on November 25, 2020.

Petitioners appealed the Immigration Judge's decision to the Board of Immigration Appeals, and the appeal was dismissed on December 26, 2024. Petitioners filed a Petition for Review with the Ninth Circuit Court of Appeals, which was subsequently denied on December 4,

2025. On March 9, 2026, Petitioners were issued an Order of Supervision ("OSUP"), subject to periodic check-ins with the ICE San Francisco Field Office.

On April 21, 2026, Wilfido and his daughter went to a scheduled ICE appointment, at which time Petitioners were taken into custody by ICE and transported to San Francisco International Airport ("SFO") and placed aboard a flight to Dallas, Texas. From there, they were taken to a hotel in McAllen Texas, where Petitioner Wilfido suffered a dangerous blood sugar spike without his diabetes medication.

During this time on April 21, 2026, Petitioners' counsel filed an ex parte motion for TRO for Petitioners' release, which was granted just after 1 a.m. on April 22, 2026. On April 22, 2026, Respondents confirmed that they had returned Petitioners to San Francisco and released them pursuant to the TRO.

On April 22, 2026, Respondents also filed a motion to dissolve the TRO. Petitioners opposed, arguing that Respondents should continue to be enjoined from re-detaining Petitioners without the opportunity to be heard before a neutral adjudicator, along with other procedural protections, based on alleged violations of due process and ICE's own regulations regarding OSUP revocation. A hearing was held on April 28, 2026, at which time the TRO was dissolved, and Respondents were ordered to provide a status report with the government's plan moving forward with regards to Petitioners. On April 29, 2026, Respondents filed the status report indicating their intent to execute the final removal orders of both Petitioners.

Since their release, Petitioner Keyra was assessed as eligible for Special Immigrant Juvenile Status, and Petitioners filed a motion to reopen their immigration proceedings before the Board of Immigration Appeals ("BIA") based on ineffective assistance of counsel and the daughter's newly-assessed eligibility for Special Immigrant Juvenile Status. Petitioners motion to reopen remains pending before BIA. Petitioners also have sought stays of their removal orders in light of the motion to reopen, which both ICE and BIA have denied.

Earlier today, on May 13, 2026, Petitioners attended an ICE check-in and were re-detained by ICE. They move again for a TRO, seeking substantially the same relief as before. Respondents

ORDER DENYING MOT. FOR TRO
CASE NO. 26-cv-03363

2

oppose the motion. In their opposition, Respondents assert that Petitioners were provided informal interviews and ICE currently is transporting Petitioners to prepare them for a repatriation flight that is likely to occur, absent any extraordinary circumstances, within the next twenty-four hours.

### III. DISCUSSION

Petitioners' arguments for emergency relief based on violations of due process and ICE's own regulations regarding OSUP revocation, *see* 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3), (l)(3), remain substantially unchanged. As before, Petitioners have not satisfied their burden to show they are likely to suffer irreparable harm in the absence of injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (A likelihood of irreparable harm is required for preliminary relief.); *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (The legal standard for issuing a temporary restraining order mirrors that for issuing a preliminary injunction.). Petitioners already have received notice of Respondents' intent to execute their final orders of removal. As to the informal interviews, even assuming no factual dispute regarding whether Respondents failed to provide them, it is not clear that they are required or necessary *prior* to detention to avoid irreparable harm. *See e.g., Ghiassi v. Murray*, No. 1:26-CV-01179 JLT SKO, 2026 WL 622184, at *7 (E.D. Cal. Mar. 5, 2026) ("[I]ndication in the record that Petitioner… received an informal interview promptly *after* his re-detention" might have been sufficient to satisfy the relevant procedural requirements (emphasis added)). Moreover, as discussed at the hearing for the motion to dissolve, Petitioners have not made a showing that deprivation of an informal interview *in this case* would be likely to cause irreparable harm.

As to the new facts, namely the motion to reopen, a pending motion to reopen does not stay removal automatically. Moreover, Petitioners do not invoke their motion to reopen in their substantive arguments, and, even if they did, "presence in the United States is not required for adjudication of the motion to reopen." *See Hernandez-Morales v. Bondi*, No. 25-CV-2551-BJC-MMP, 2025 WL 2932650, at *3 (S.D. Cal. Oct. 15, 2025). These new facts do not change the analysis with regard to the requested injunctive relief at this stage.

### IV. CONCLUSION

For the foregoing reasons, Petitioners' have not made an adequate showing that the

ORDER DENYING MOT. FOR TRO
CASE NO. 26-cv-03363

United States District Court
Northern District of California

requested relief is warranted. The motion is denied.

**IT IS SO ORDERED**.

Dated: May 13, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

ORDER DENYING MOT. FOR TRO
CASE NO. 26-cv-03363

4